**United States District Court**
For the Northern District of California

1

2

3

4

5

6        UNITED STATES DISTRICT COURT

7        NORTHERN DISTRICT OF CALIFORNIA

8        SAN JOSE DIVISION

9    ALFONSO SANCHEZ, ANABERTHA          )    Case No.: C 11-5008 PSG
     SANCHEZ,                            )
10                                       )    **ORDER RE PLAINTIFF'S EX PARTE**
                          Plaintiffs,    )    **APPLICATION FOR A TEMPORARY**
11           v.                          )    **RESTRAINING ORDER**
                                         )
12   WT CAPITAL LENDER SERVICES, et al., )    **(Re: Docket No. 18)**
                                         )
13                        Defendants.    )
                                         )
14   ─────────────────────────────────

15       On October 11, 2011, pro se Plaintiffs Alfonso Sanchez and Anabertha Sanchez

16   ("Plaintiffs") filed a complaint that on its face appears to challenge the validity of foreclosure

17   proceedings on their property.[1] Plaintiffs took no further action until the court issued an order to

18   show cause based on Plaintiffs' non-appearance at the initial case management conference, after

19   which Plaintiffs served Defendants with the complaint and appeared on March 6, 2012 for a case

20   management conference. In response to Plaintiffs' statement at the case management conference

21   that they might move for a temporary restraining order, the court advised Plaintiffs to seek the

22   assistance of the Federal Legal Assistance Self-Help Center (FLASH) located at the San Jose

23   courthouse.[2] Shortly after the case management conference, Defendants Chicago Title/Salinas

24   ("Chicago Title") and Defendants Sterling Pacific Lending, Inc. and WT Capital Lender Services

25

26   ───────────────────
     [1] *See generally* Docket No. 1 (Compl.).
27
     [2] Docket No. 11.
28
                                          1
     Case No.: 11-5008 PSG
     ORDER

(collectively "SPL and WT Capital") filed separate motions to dismiss, both currently set for hearing on May 15, 2012.[3]

On March 12, 2012, Plaintiffs filed an "ex parte application for an order"[4] staying what appears to be an unlawful detainer judgment against Plaintiffs, issued by the Monterey County Superior Court on February 15, 2012. In order to facilitate the resolution of this case and any pending motions by way of the appropriate procedural mechanisms, the court hereby issues the following order and guidance:

1. To the extent that Plaintiffs' ex parte application is to be construed as a motion for a temporary restraining order, Plaintiffs must comply with Civ. L.R. 65-1.[5] This includes filing of required documentation with the motion and providing notice to the other parties.

2. The resolution of a motion for a temporary restraining order filed before a magistrate judge requires the consent of all parties in the case.[6] Unless all parties consent, the undersigned will be unable to proceed with a determination on a motion for a temporary restraining order.

3. In light of Plaintiffs' pro se status and the need for all parties to consent before this court can consider a motion for a temporary restraining order, the court will allow Plaintiffs five (5) days to re-file their motion in a manner consistent with Civ. L.R. 65-

---

[3] Docket Nos. 16, 17.

[4] Docket No. 18. Plaintiff's ex parte application was not processed and entered by the court until March 14, 2012, the same date that chambers received a copy and became aware of the application.

[5] The Civil Local Rules of the Northern District of California may be found on the court's website at http://cand.uscourts.gov.

[6] Absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 548-59 (9th Cir. 1988).

2

Case No.: 11-5008 PSG
ORDER

**United States District Court**
For the Northern District of California

1. Plaintiffs are strongly encouraged to utilize the resources offered by FLASH, as previously suggested to them.

Therefore, Plaintiffs may re-file a motion for temporary restraining order no later than Monday, March 19, 2012. If by that same date, all parties have consented to magistrate jurisdiction, the court will take Plaintiffs' motion under submission at that time. Otherwise, the case will be reassigned to a district judge.

**IT IS SO ORDERED.**

Dated: 3/14/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

3

Case No.: 11-5008 PSG
ORDER