IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALONSO DELGADILLO SANCHEZ, et. al., <br><br> Plaintiff(s), <br> v. <br><br> WT CAPITAL LENDER SERVICES, et. al., <br><br> Defendant(s). | CASE NO. 5:11-cv-05008 EJD <br><br> **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION; DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br> [Docket Item No(s). 18, 22] |

## I. INTRODUCTION

Presently before court are two matters filed by Plaintiffs Alfonso Delgadillo Sanchez and Anabertha Sanchez ("Plaintiffs"): (1) an ex parte application seeking to stay enforcement of an unlawful detainer judgment entered by the Monterey County Superior Court, and (2) an application for temporary restraining order (TRO) and preliminary injunction seeking the same relief. From what can be determined from the papers submitted, Plaintiffs' home was sold at a trustee's sale in or about December, 2011, after Plaintiffs defaulted on a deed of trust secured by the property. See Trustee's Deed Upon Sale, Docket Item No. 18.[1] For the reasons explained below, both applications

---

[1] Plaintiffs' request for judicial notice included as part of their ex parte application (Docket Item No. 18) is GRANTED. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D.

will be denied.

## II. LEGAL STANDARD

Since Plaintiffs' TRO application subsumes the ex parte application, the court only discusses the standard applicable to injunctive relief.

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 129 S. Ct. at 374).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

## III. DISCUSSION

Plaintiffs' applications to stay enforcement of the unlawful detainer judgment fail for three primary reasons.

First, Plaintiffs have failed to make a requisite showing under the TRO standard, specifically likely success on the merits of their underlying action. It appears Plaintiffs' ultimately desire a loan modification and damages. See Compl., Docket Item No. 1, at p. 4. However, judicially-noticeable documents demonstrate that the home at issue has already been foreclosed upon and sold to another party at a trustee's sale. It therefore appears that a loan modification is no longer available to

---

Cal. May 12, 2010).

1    Plaintiffs since the loan has been effectively extinguished.  See Nguyen v. Calhoun, 105 Cal. App.
2    4th 428, 439 (2003) ("'A security interest cannot exist without an underlying obligation, and
3    therefore a mortgage or deed of trust is generally extinguished by either payment or sale of the
4    property in an amount which satisfies the lien." (internal quotations omitted)).  Moreover, the
5    authority upon which Plaintiffs seek damages is unclear.  Assuming damages are sought under the
6    Truth in Lending Act ("TILA"), such claim appears time-barred as Plaintiff's obtained their loan in
7    2006.  See Compl., Docket Item No. 1, at p. 2 ("The property subject to this proceedings [sic] was
8    purchased on March 14, 2006."); 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d
9    899, 902 (9th Cir. 2003) (holding the one-year statute of limitations for damages under TILA runs
10   from the date the loan is finalized).

11        Second, this court cannot review the sufficiency of the unlawful detainer judgment to the
12   extent that is what Plaintiffs seek to accomplish here.  See Columbia Court of Appeals v. Feldman,
13   460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also Samuel v.
14   Michaud, 980 F. Supp. 1381 1411-12 (D. Idaho 1996) ("The district court lacks subject matter
15   jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's
16   application of various rules and procedures pertaining to the state case.").  Any perceived deficiency
17   in the judgment must be presented to the appropriate state court.

18        Third, a stay of the state court ejectment proceeding and its ensuing judgment would violate
19   the Anti-Injunction Act.  "A court of the United States may not grant an injunction to stay
20   proceedings in a State court except as expressly authorized by Act of Congress, or where necessary
21   in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (the
22   "Anti-Injunction Act").  Plaintiffs' plain request to postpone the effect of the unlawful detainer
23   judgment does not fall into one the applicable exceptions.

24        In light of the discussion above, Plaintiffs' have not demonstrated entitlement to either ex
25   parte or injunctive relief.  The court therefore declines their requests.

### III.   ORDER

27   Plaintiffs' ex parte request (Docket Item No. 18) and their request for a TRO and preliminary

28

3
Case No. 5:11-cv-05008 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION; DENYING PLAINTIFFS' APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

injunction (Docket Item No 22), are each DENIED.

**IT IS SO ORDERED.**

Dated: March 21, 2012

                                                EDWARD J. DAVILA
                                                United States District Judge

Case No. 5:11-cv-05008 EJD
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION; DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION