IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALFONSO DELGADILLO SANCHEZ, et. al., <br><br>            Plaintiff(s), <br> v. <br> WT CAPITAL LENDER SERVICES, et. al., <br><br>            Defendant(s). | CASE NO. 5:11-cv-05008 EJD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT** <br><br> [Docket Item No(s). 16, 17, 20] |

## I.   INTRODUCTION

In March, 2006, pro se Plaintiffs Alfonso Delgadillo Sanchez and Ana Bertha Sanchez ("Plaintiffs") purchased residential property in Salinas, California, secured by a Note and Deed of Trust for $425,000.00.  See Compl., at p. 6.  Plaintiffs defaulted on the loan payments and the property was eventually subject to a foreclosure sale in December, 2011.  See id., at pp. 8-11; see also Req. for Judicial Notice ("RJN"), Docket Item No. 16, at Ex. B.[1]

From what can be discerned, Plaintiffs initiated the present action in this court as a challenge

---

[1] Defendants' respective Requests for Judicial Notice are GRANTED to the extent referenced in this Order.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1

Case No. 5:11-cv-05008 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

to the foreclosure. In response, Defendants WT Capital Lender Services, Sterling Pacific Lending, Inc., and Chicago Title/Salinas ("Defendants") now move the court for an order dismissing Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Docket Item Nos. 17, 20.[2] Defendant Chicago Title/Salinas also filed a separate motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement under Federal Rule of Civil Procedure 12(e). See Docket Item No. 16. Plaintiffs have not filed written opposition to either motion, and the time for filing such opposition has passed.

Having carefully reviewed the relevant documents, the court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for July 6, 2012, will be vacated. Defendants' Motion under Rule 12(b)(1) will be granted and the Motion under Rules 12(b)(6) and 12(e) denied as moot.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) challenges the court's subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). As relevant here, a facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Id. Much like other dismissal motions, all material allegations in the complaint are assumed true, and the court must determine whether lack of jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.

---

[2] The joinder of Chicago Title/Salinas in the Motion to Dismiss for Lack of Jurisdiction (Docket Item No. 20) is GRANTED.

1996).

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that *all parties* are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Looking at the Complaint in this case, the court preliminarily notes that the pleading is essentially devoid of any allegations supporting federal jurisdiction. This is, itself, a violation of the applicable pleading standard provided by Federal Rule of Civil Procedure 8(a). But overlooking this arguably technical requirement,[3] the basis for jurisdiction in this court is still not apparent. If Plaintiffs intended to rely on the presence of the federal question as they suggest in the Complaint's caption, they have not referenced the federal authority which gives rise to their claims. The general statement that this case presents a question of "whether or not the constitutionally afforded rights have been abridged" is not enough to justify a federal forum because the court cannot assume or even decipher which rights are at issue. Plaintiffs' Complaint, therefore, does not support jurisdiction under § 1331 in its present format.

Turning to diversity jurisdiction, it appears that Plaintiffs are citizens of California considering the residential property at issue is located in this state. Moreover, Plaintiffs allege that

---

[3] The court has liberally construed Plaintiffs' pleadings because they are proceeding pro se. See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002).

3

Case No. 5:11-cv-05008 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION;
DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

at least one of the named defendants, WT Capital Lender Services, is also a citizen of California. This allegation is confirmed by the documentation submitted by Defendants for this motion. See RJN, Docket Item No. 17, at Ex. A; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Another defendant, Sterling Pacific Lending, Inc., is a California citizen as well. See id., at Ex. B. Accordingly, complete diversity does not exist, and jurisdiction does not arise under § 1332.[4]

Since Plaintiffs have not demonstrated the existence of either federal question or diversity jurisdiction, Defendants' collective motion must be granted and this case must be dismissed. The dismissal will be without prejudice. Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court." (internal quotations omitted)).

### III.  ORDER

Based on the foregoing, Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Docket Item No. 17) is GRANTED and this action DISMISSED WITHOUT PREJUDICE. The Motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) (Docket Item No. 17) is DENIED AS MOOT.

The hearing and Case Management Conference scheduled for July 6, 2012, are VACATED. Since this order effectively resolves the case, the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 29, 2012

EDWARD J. DAVILA
United States District Judge

---

[4] Plaintiffs also reference supplemental jurisdiction in the Complaint. This doctrine does not aid Plaintiffs here because it does not provide a source for original jurisdiction in federal court. See Pac. Bell v. Covad Communications Co., No. C 99-1491 SI, 1999 U.S. Dist. LEXIS 8846, at *9, 1999 WL 390840 (N.D. Cal. June 8, 1999).